IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JAN D. P.,

        Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

        Defendant.

Case No. 18-CV-631-TCK-FHM

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied.  *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001);

---

[1] Plaintiff's October 16, 2015, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held February 23, 2018.  By decision dated March 14, 2018, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on September 28, 2018.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

1

*Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 56 years old on the alleged date of onset of disability and 60 on the date of the ALJ's decision. She completed high school and some college courses and formerly worked as a telemarketer. She claims to have been unable to work since October 14, 2014 as a result of osteoarthritis of both hips, degenerative disc disease, hypothyroidism, mental disorders, and eye problems.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to lift and/or carry 10 pounds occasionally and up to 10 pounds frequently; stand and/or walk for at least 2 hours in an 8-hour workday; and sit for at least 6 hours in an 8-hour workday, except that she can perform no more than occasional stooping, kneeling, crouching,

crawling, and climbing such things as stairs or ramps. [R. 18-19]. The ALJ determined that Plaintiff can perform her past relevant work as a telemarketer with this RFC. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that: the ALJ failed to include the effects of all of her impairments in the hypothetical questioning of the vocational expert and in the RFC; the ALJ failed to properly evaluate her past relevant work; and the ALJ should have found her disabled because he found her statements are consistent with the record.

## **Analysis**

### Effects of Impairments

It is not accurate to say, as Plaintiff does, that the ALJ ignored evidence or failed to discuss it. There is no merit to Plaintiff's contention that the ALJ's decision lacks a narrative discussion describing how the evidence supports the RFC. The ALJ accurately summarized the evidence and discussed the objective findings related to the conditions Plaintiff mentioned in her brief. The ALJ limited Plaintiff to a reduced range of sedentary work to account for her orthopedic complaints and the findings of the consultative examiner. In addition, the ALJ discussed the hyperesthesia of Plaintiff's index finger that was noted in December 2016. [R. 20-21]. The ALJ's conclusion that Plaintiff's 20/20 vision acuity and dry eyes are non-server impairments that do not affect the ability to work is supported by substantial evidence. [R. 18]. The ALJ's RFC thus took into account

3

the evidence of Plaintiff's limitations by limiting her to a reduced range of sedentary work. The ALJ's finding that the RFC is consistent with the medical record and Plaintiff's daily activities is supported by substantial evidence.[2]

In her brief Plaintiff lists the findings from a number of radiology reports and concludes that those reports reflect more limitations than were included in the RFC. The reports reflect the presence of conditions, but they do not reflect functional limitations. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

Plaintiff states that the ALJ did not account for the consultative examiner's February 6, 2016 finding that Plaintiff's right shoulder abduction, elevation, and rotation was only 70%. [Dkt. 15, p. 7]. The consultative examiner completed a range of motion chart where he drew lines through most of the spaces provided on the form for findings.

---

[2] The ALJ thoroughly discussed the evidence so there is no point in regurgitating the entirety of the ALJ's denial decision to address Plaintiff's unsupported allegations. It appears that what Plaintiff wants is a re-weighing of the evidence by the court, which is beyond the scope of the court's review.

He circled the spaces provided for addressing the right shoulder range of motion and wrote in "70%." [R. 329] The range of motion form asks for explanation of the findings in the narrative report. [R. 328]. In the narrative report the examiner stated: "The claimant was able to lift, carry, and handle light objects." [R. 327]. The RFC is consistent with the ability to lift, carry, and handle light objects.

Plaintiff argues that the ALJ erred because he did not include any limitations for mental impairments. Plaintiff did not, however, receive any mental health treatment. The undersigned finds no error in the ALJ's RFC.

<u>Step Four Analysis</u>

At step four of the sequential evaluation process, an ALJ must engage in a three-phase analysis. *Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir. 2013). In the first phase, the ALJ must evaluate a claimant's physical and mental RFC, and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings. *Id.* (brackets, citations, and internal quotation marks omitted).

The Tenth Circuit has explained that an ALJ may properly rely upon vocational expert testimony in making findings about the demands of past relevant work and whether one with the claimant's RFC can perform the demands of the past work. *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003). Thus although the step-four analysis may not be delegated to the vocational expert, the ALJ may rely on information supplied by

5

the vocational expert. *Id*. The critical distinction is whether the ALJ relied upon the vocational expert testimony in making the findings or whether the ALJ delegated the findings to the vocational expert. *Id*. Where the ALJ makes appropriate findings and quotes the vocational expert testimony approvingly in support of those findings, the ALJ has properly relied upon the vocational expert testimony. *Id.*

Plaintiff argues that the ALJ's step four finding is erroneous because of errors made in the formulating the RFC and because the ALJ failed to make the required findings. As previously discussed, the RFC finding is supported by substantial evidence. The ALJ's decision demonstrates that the requisite step four findings were made. [R. 22]. The undersigned finds that the ALJ appropriately relied on vocational expert testimony. The undersigned finds no error in the ALJ's analysis at step four and further finds that the ALJ's conclusions are supported by substantial evidence.

## Evaluation of Plaintiff's Statements

The ALJ included the following statement in the denial decision:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. The claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are reasonably consistent with the medical evidence and the other evidence in the record for the reasons explained in this decision.

[R. 20]. Plaintiff has interpreted the foregoing statement to mean that the ALJ was required to award her benefits. [Dkt. 15, p. 12]. The undersigned rejects Plaintiff's interpretation. As previously discussed, the ALJ's denial decision is supported by substantial evidence. The ALJ accurately noted that Plaintiff's physicians did not place

6

any restrictions on claimant that would preclude sedentary work with the additional restrictions in the RFC.  The ALJ also noted that Plaintiff's activities are consistent with sedentary work and that she could perform work within the RFC.  [R. 22].

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before March 10, 2020.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives

appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).   Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 25th day of February, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE