IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAN DELYNN POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-631-TCK-FHM |
| | ) |
| ANDREW SAUL, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy on the judicial review of a decision by the Commissioner of the Social Security Administration denying Social Security disability benefits and the Objections thereto filed by plaintiff, Jan Delynn Powell. The Magistrate Judge recommended the Commissioner's decision be affirmed. Doc. 24. Powell objects to the recommendation. Doc. 25.

**I. Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a de novo review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a

preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1500 (10th Cir. 1992).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). "Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of an impairment and the severity of that impairment during the time of her alleged disability. 20 C.F.R. §§ 404.1512(b), 416.912(b). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources," such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a). A plaintiff is disabled under the Act only if her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988) (setting forth the five steps in detail). The claimant bears the burden of proof at steps one through four. *Williams*, 844 F.2d at 751 n. 2. At step one, a determination is made as to whether the claimant is presently engaged in substantial gainful activity. *Id.* at 750. At step two, a determination is made whether the claimant has a medically determinable impairment or combination of impairments that significantly limit her ability to do basic work activities. *Id.* at 751. At step three a determination is made whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Id.* If it is, the claimant is entitled to benefits. *Id.* If it is not, the evaluation proceeds to the fourth step, where the claimant must show that the impairment prevents her from performing work she has performed in the past. *Id.* If the claimant is able to perform her previous work, she is not disabled. *Id.* If she is not able to perform her previous work, then the claimant has met her burden of proof, establishing a prima facie case of disability. The evaluation process then proceeds to the fifth and final step: determining whether the claimant has the residual functional capacity ("RFC")[1] to perform other work in the national economy in view of her age, education, and work experience. *Id.* The Commissioner bears the burden at step five, and the claimant is entitled to benefits if the Commissioner cannot establish that the claimant retains the

---

[1] A claimant's RFC to do work is what the claimant is still functionally capable of doing on a regular and continuing basis, despite her impairments: the claimant's maximum sustained work capability. *Williams,* 844 F.2d at 751.

capacity "to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citation omitted).

## II. Background

Plaintiff, who was 56 years old on the alleged date of onset of disability and 60 on the date of the ALJ's decision, claims to have been unable to work since October 14, 2104 as a result of osteoarthritis of both hips, degenerative disc disease, hypothyroidism, mental disorder and eye problems. Plaintiff completed high school and some college courses, and formerly worked as a telemarketer.

The ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to lift and/or carry 10 pounds occasionally and up to 10 pounds frequently; stand and/or walk for at least two hours in an eight-hour workday; and sit for at least six hours in an eight-hour workday, except that she can perform no more than occasional stooping, kneeling, crouching, crawling, and climbing such things as stairs or ramps. R. 18-19.

Based on the RFC determination, the ALJ concluded that Plaintiff can perform her past relevant work as a telemarketer. R. 22. Thus, the case was decided at step four of the evaluative sequence for determining whether a claimant is disabled. *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988).

Plaintiff contends that the ALJ failed to include the effects of all of her impairments in the hypothetical posed to the vocational expert and in the RFC; that he failed to properly evaluate her past relevant work; and that, because he found her statements to be consistent with the record, he should have concluded that she was disabled.

### III. Analysis

#### A. Alleged Failure to Include Effects of All Impairments

As previously noted, Plaintiff contends the ALJ failed to include the effects of all of her impairments in the RFC and in the hypothetical presented to the vocational expert. Specifically, she asserts that the hypothetical RFC posited to the vocational expert did not adequately account for the reasonable limitations that flow from her hip pain, back pain, neck pain and vision problems. Doc. 15 at 4.

In his decision, however, the ALJ thoroughly discussed each of these issues. With respect to her vision, he noted her history of being a "glaucoma suspect for years," but observed that the severity was rated as mild and treatable with eye drops. R. at 21. He thoroughly reviewed her history of other eye treatments, noted that the claimant had not alleged disability due to eye problems, and concluded that Plaintiff's impairments of status post cataract removal; dry eyes; and miotic pupils "represent no more than a slight abnormality and would have "only a minimal effect on the claimant's ability to perform work-related activities and thus, are nonsevere." *Id.* at 21-22.

The ALJ extensively discussed Plaintiff's severe impairments of osteoarthritis of both hips and degenerative disc disease. He noted that while the claimant alleged her impairments are the result of a motor vehicle accident in 1986, and that her son and husband had done the vacuuming since then, she stated in the same form that she mopped the floors. R. at 25. Moreover, he observed that her husband stated he had known the claimant for 27 years and "this is the way I've always known her." *Id.* Based on this, the ALJ stated, "There is no evidence that the claimant's condition has worsened since a time period when she was working." *Id.* He concluded that the claimant's inability to walk on heels or toes, her abnormal tandem gait, her inability to squat, the fact that she had some difficulty rising from a sitting position, her severely decreased range of motion about

the lumbar spine and moderate decreased range of motion about the cervical spine with pain preclude claimant from performing the prolonged walking and standing required of light and greater work activity. R. at 21-22. However, he found that she could perform "sedentary work consistent with her residual functional capacity." R. at 22.

### B. Evaluation of Past Relevant Work

Contrary to Plaintiff's assertion, the ALJ evaluated her past relevant work as a telemarketer and nurse's aide. Although the step-four analysis cannot be delegated to the vocational expert, the ALJ may rely upon vocational expert testimony in making findings about the demands of past relevant work and whether an individual with the claimant's RFC can perform the demands of the past work. *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990). The ALJ, based on the testimony of the vocational expert, determined that the job duties as a telemarketer could be performed within her RFC, on a function-by-function basis, both as the claimant performed them and as normally performed. R. at 26.

### C. Evaluation of Plaintiff's Statements

Finally, Plaintiff argues that the ALJ was required to award her benefits based on the following language in his decision:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. The claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are reasonably consistent with the medical evidence and the other evidence in the record for the reasons explained in this decision.

R. at 24. However, as the ALJ also noted, "the claimant's treating physicians did not place any functional restrictions on her activities that would preclude sedentary work activity with the [restrictions set forth in the RFC]." *Id*. Additionally, he observed that Plaintiff's activities were consistent with sedentary work and concluded that she could perform work within the RFC. *Id*.

### IV. Conclusion

For the reasons set forth above, Plaintiffs Objections to the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy (Doc. 25) are overruled, and the Report and Recommendation (Doc. 24) is hereby adopted.

ENTERED this 8th day of May, 2020.

TERENCE C. KERN
United States District Judge